CHARLES GREENBERG and Another, Appellants, v. NATHAN MAGER et al., Respondents.

(Supreme Court, Appellate Term, First Department, February Term — Filed June, 1921.)

Contracts — glaziers — breaking of windows by third persons during progress of work — stopping payment of check given for work—when an agreement is entire, performance pro tanto as the work progresses need not be accepted.

Plaintiffs agreed to furnish and set for defendants seven lights of glass in a store front and also to set one light of glass

to be furnished by defendant, all for $700. While plaintiffs were engaged in the work and after two lights had been set, they were broken by some persons unconnected with the parties, and apparently because of a strike in the glass trade. The light furnished by defendants, though broken at the same time, was set under instructions from them. Under police protection four of the other lights furnished by plaintiffs were set and the remaining one was not set because of defendants' request. After plaintiff had commenced setting the lights and before the two were broken they received a check from defendants for $700. In an action on the check, payment of which had been stopped, *held*, that a dismissal of the complaint upon the theory that plaintiffs had not performed their agreement will be affirmed on the ground that the agreement being entire, performance *pro tanto* as the work progressed could not be accepted.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of the defendants, after trial by the court without a jury.

William L. Greenfogel, for appellants.

Louis R. Glantz, for respondents.

MULLAN, J. Plaintiffs, glaziers, agreed verbally with defendants, general contractors who were constructing a store front, to furnish and set seven lights of glass, and also to set a light of glass to be furnished by defendants, all for the sum of $700. Plaintiffs brought to the store premises the panes of glass to be furnished by them, and proceeded to set them. While so engaged, and after two of the lights had been set, some persons, unconnected with any of the parties, and apparently because of a strike in the glass trade, broke the two lights that had been set, and also a third light, which last-mentioned light was the one defendants had agreed to, and did,

furnish. This last-mentioned light was thereafter set, in a broken condition, under instructions from defendants. After police protection had been procured, the plaintiffs continued with their work and set four of the other five lights furnished by them. The remaining light, the seventh of those to be furnished by plaintiffs, was to be set in a door that had been taken down, and this light was not set because of defendants' request that the setting of it be left to defendants, who desired to set the light themselves at a later time. After plaintiffs had commenced their work of setting the lights, and prior to the breaking of the lights, defendants gave plaintiffs their check for $700. Subsequently, defendants stopped payment of the check, and this action is upon the check. The learned trial justice dismissed the complaint upon the theory that the plaintiffs had not performed.

There is no difficulty in respect either of the light furnished by defendants, or of the door-light furnished by plaintiffs. As to both, there was a waiver of the setting. The question whether there was performance in respect of the other lights, has, however, given us not a little trouble. The agreement was entire, but is there any implied stipulation of it that would justify a finding that the setting of any light was to be accepted as performance, *pro tanto,* as the work of setting progressed? We are of the opinion, after a very protracted consideration of the matter, that that question must receive a negative answer. We are unable to draw any satisfactory distinction between the agreement under examination, and one to furnish and set a single window composed of several panes of glass, and, as to the latter, we think the engagement of the person setting the window would not be performance unless, at the completion of the setting, the window so set was intact

and complete. The test, we think, is this,— could the plaintiffs, after setting some of the lights, have substituted others for them? *Tompkins* v. *Dudley,* 25 N. Y. 272; *Adams* v. *Nichols,* 19 Pick. 275. No distinction may be drawn between the doing of something upon a building, and the doing of something upon a chattel. Cases *supra.* While one's instinctive reaction may be in favor of a person situated as are the plaintiffs here, we think the rule of law requires us to sustain the ruling of the trial court. We feel, however, that the question should be passed upon by the Appellate Division, and we shall grant leave to plaintiffs to appeal to that court.

Judgment affirmed, with twenty-five dollars costs, with leave to appellants to appeal to the Appellate Division.

LEHMAN and BURR, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.